**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN VISPISIANO, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-1544 (PGS) |
| | : | |
| v. | : | |
| | : | **O P I N I O N** |
| STATE OF NJ, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

John Vispisiano, <u>Pro Se</u>
Somerset County Jail
P.O. Box 3000
Somerville, NJ 08876

**SHERIDAN, District Judge**

Plaintiff, confined at the Somerset County Jail, Somerville, New Jersey, brings this civil action alleging violations of his constitutional rights. He has applied to proceed <u>in forma pauperis</u> ("IFP"), pursuant to 28 U.S.C. § 1915. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint will be partially dismissed.

1

**BACKGROUND**

Plaintiff states that on or about December 31, 2011, the pod at the Somerset County Jail, where he was housed as a pretrial detainee, was locked down. Objects were thrown onto the day room floor, and "fifteen or thirty" inmates were removed "violently and in handcuffs and shackles [sic]," and placed in segregation. After investigation, Plaintiff pled guilty and waived further proceedings. However, he states that he was never advised of his rights and the evidence used against him, and was not told of his right to appeal. The order to lockdown the pod was by the same officer, defendant Apisa, who sat as a disciplinary committee member in Plaintiff's disciplinary proceedings. (Complaint, ¶ 6).

Plaintiff asks that the infractions be removed from his file, and seeks monetary damages. He names the State of New Jersey as a defendant, as well as the warden, the deputy warden, and officers Apisa, Captain Quinn, and A.D. Cole, the disciplinary committee member, for knowing or because they "should have known that these violations took place" (Complt., ¶ 4).

2

**DISCUSSION**

A. **Legal Standard**

1. *Standards for a Sua Sponte Dismissal*

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the

3

Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S. Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

4

2. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

**B.  Plaintiff's Claims**

1. <u>Eleventh Amendment Immunity</u>

The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general proposition, a suit by private

parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See Ky. v. Graham, 473 U.S. 159, 169 (1985). A state's Eleventh Amendment immunity is not overridden by 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 339 (1979).

Consequently, the State of New Jersey is immune from suit in this action. As such, this claim will be dismissed with prejudice as against the State of New Jersey.

2. <u>Personal Involvement</u>

Furthermore, Plaintiff asserts allegations in the complaint only against defendant Apisa. He does not assert allegations of wrongdoing against any other named defendants; rather he argues that they "knew or should have known" of the alleged violations against him.

However, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995). In this case, Plaintiff has not pled the personal involvement of any defendant except for Apisa. Thus, the other named defendants must be dismissed without prejudice.

3. Due Process Claims

This Court construes Plaintiff's claims against defendant Apisa as challenges to his due process rights in his disciplinary proceedings, and finds that the claims should proceed.

Pretrial detainees cannot be subjected to harsh conditions or treatments for retributive purposes.[1] In Bell v.. Wolfish, the Supreme Court found "that [pretrial] detainees, not yet convicted of the crime charged, could not be punished" and as

---

[1] The liberty interests of pretrial detainees differ from the liberty interests of inmates that have been sentenced. Fuentes v. Wagner, 206 F.3d 335, 341-2 (3d Cir. 2000). While a sentenced prisoner has a liberty interest only in remaining free from "restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin, 515 U.S. at 484, the liberty interests of pretrial detainees are subjected to a higher standard of protection. See Bell v. Wolfish, 441 U.S. 520, 535 (1979).

7

such, "any restrictions on liberty that were reasonably related to government objectives [must] not [be] tantamount to punishment." 441 U.S. 520, 535 (1979). The Third Circuit further elucidated the <u>Bell</u> standard and warned that punitive measures taken against pretrial detainees are violative of the Due Process Clause:

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.... [I]f a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

<u>Hubbard v. Taylor</u>, 538 F.3d 229 (3d Cir. 2008).

In <u>Contant v. Sabol</u>, the Court of Appeals for the Third Circuit held that:

> A pretrial detainee who is transferred to more restrictive housing for disciplinary infractions is entitled to the due process protections applicable to sentenced inmates. <u>Stevenson</u> [<u>v. Carroll</u>], 495 F.3d [62] at 70-71 (citing <u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed.2d 935 (1974)). Those protections include written notice, adequate time to prepare a defense, a written statement of the reasons for action taken, and a limited ability to present witnesses and evidence. <u>Wolff</u>, 418 U.S. at 561-70, 94 S. Ct. 2963.

431 Fed. App'x 177, 179 (3d Cir. 2011)(unpubl.). In this case, Plaintiff alleges that the mandates of <u>Wolff</u> were not followed. He states that he was not advised of his rights, or the evidence that was used against him to find him guilty. As such, at this

8

early point in litigation, Defendant Apisa must answer the allegations of the complaint.

## CONCLUSION

Based on the foregoing, Plaintiff's due process claims will proceed against defendant Apisa. The State of New Jersey will be dismissed from this action, with prejudice, and all other defendants will be dismissed without prejudice, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

_____
PETER G. SHERIDAN
United States District Judge

Dated: 5/20/13

9